SECURITY LOAN AND ABSTRACT COMPANY *v.* WALKER.

A former judgment whereby the title of the defendant in ejectment was upheld as against the suit of the plaintiff's privies in estate to recover the same land, *held* binding on the plaintiff under the facts in evidence.

No. 6193. DECEMBER 16, 1927.

Ejectment. Before Judge Eve. Tift superior court. June 20, 1927.

*Fulwood & Forrester, B. J. Dasher,* and *R. D. Smith,* for plaintiff. *Perry & Tipton* and *Bennet & Peacock,* for defendant.

GILBERT, J. The Security Loan & Abstract Company brought ejectment against Judy Walker, to recover described land. The defendant filed what is denominated "a plea in abatement," in which she showed that a former suit against her, filed by Sheppard and Gaulding, purchasers from the plaintiff claiming under a bond for title, to recover the same land, terminated in a final verdict and judgment in her favor. The brief of evidence attached to the bill of exceptions as an exhibit recites: "Webb & Bentley, as agents for the Security Loan & Abstract Company, negotiated the sale of this land to L. S. Sheppard and J. W. Gaulding, and undertook to put Sheppard and Gaulding into possession. They were met by the claim of the defendant in this case that she owned title to this 50 acres of the land here in controversy; and Bentley there-

Judgments, 34 C. J. p. 1016, n. 40.

upon, without conferring with the Security Loan & Abstract Company, instituted a suit in the name of L. S. Sheppard and J. W. Gaulding against the defendant in this case, and for the purpose of removing her from the possession thereof and enjoining her from trespassing thereon, this being the action upon which defendant bases her plea of res adjudicata and estoppel. Subsequently to the institution of such suit Bentley moved to the State of Florida; and thereupon R. D. Smith communicated with the Security Loan & Abstract Company, stating that the said case was pending and involving the said 50 acres of land, and the Security Loan & Abstract Company then agreed to pay R. D. Smith a fee to represent the plaintiffs in such suit, L. S. Sheppard and J. W. Gaulding, and did pay such fee, and under this employment R. D. Smith served as one of the attorneys for said plaintiffs in said case until its final conclusion. At the trial of such case B. J. Dasher, vice-president of the Security Loan & Abstract Company, was present and advised with counsel in connection therewith, and aided them as such officer and general attorney at law of the Security Loan & Abstract Company in an effort to protect its interest in the premises in dispute and its obligation to the plaintiffs on said action regarding said premises. The Security Loan & Abstract Company had issued to J. W. Gaulding and L. S. Sheppard a bond for title agreeing to sell them the entire lot number 268, and the said Dasher was willing for it to pay counsel representing Sheppard and Gaulding, for the reason that its said bond for title was outstanding, covering said entire lot including this 50-acre tract brought into controversy by this defendant."

The court did not err in sustaining "the plea in abatement." Both suits sought to recover the same land from the same defendant. Both suits depended upon establishing title to the land on the same security deed and the sale thereunder, the Security Loan & Abstract Company purchasing. The former plaintiffs claimed under the present plaintiff, whose agents sought to put the purchasers in possession. The Security Loan & Abstract Company had notice of the claim of the defendant and of the suit; its vice-president and general attorney was present in court, advising with counsel for the then plaintiffs, and said company paid counsel for Sheppard and Gaulding. In such circumstances the loan and abstract company was in duty bound to intervene to protect its

interests, and on failure to do so was bound by the judgment against its privies. *Judgment affirmed. All the Justices concur.*